LE SUEUR, Judge.
Margaret F. Smith and United States Casualty Company, her liability insurer, have appealed judgments against them in favor of St. Paul Fire and Marine Insurance Company in the amount of $494.74, with legal interest from date of judicial demand until paid, and all costs of these proceedings, and another judgment rendered against them in favor of Cravens, Dargan and Company and Gulf Coast Investment Corporation in the amount of $407.25, plus legal interest from date of judicial demand until paid and all costs of these proceedings. Also appealed were: A judgment dismissing the third-party demand of Margaret F. Smith and United States Casualty Company against Elsa Parkerson wife of/and Codman Parkerson and St. Paul Fire and Marine Insurance Company; a judgment dismissing the reconventional demand of Margaret F. Smith against St. Paul Fire and Marine Insurance Company, Cravens, Dargan and Company and Gulf Coast Investment Corporation; and, a judgment dismissing the demand of St. Paul Fire and Marine Insurance Company against Elsa Parkerson, wife of/and Codman Parkerson.
This action arose as the result of an automobile accident at the intersection of South Robertson and Octavia Streets, in New Orleans, at approximately 5 :00 o’clock p. m., on February 23, 1967. Both streets are one-way streets with a 20 mile per hour speed limit, neither street being controlled by a traffic device at the intersection nor having a legal preference over the other. The accident occurred during the daylight hours on a clear dry day.
Elsa Parkerson was driving a vehicle owned by Cravens, Dargan and Company and Gulf Coast Investment Corporation and insured by St. Paul Fire and Marine Insurance Company. Codman Parkerson was authorized to use the vehicle in connection with his job with the owners. At the time of the accident Mrs. Parkerson was on a private errand for her husband, not in the furtherance of his work for his employer. Mrs. Parkerson was driving on Octavia Street proceeding in a northerly direction. She stated that she was travel-ling within the speed limit and did not see the Smith vehicle until she was about to be struck, at which time she had traversed more than half of the intersection but had not cleared it.
Margaret F. Smith was travelling in a generally westerly direction on South Robertson Street. She stated that she was *87 new to the area and that her vision down Octavia Street was blocked by cars parked along the curb. She looked for traffic, she stated, and proceeded into the intersection, at which time her passenger warned her of the other vehicle. The warning was too late and the right front of her automobile struck the right rear of Mrs. Parkerson’s vehicle, causing it to strike a parked automobile and do further damage to the front end.
Although the trial judge did not render written reasons, he apparently found that the sole cause of the accident was the negligence of Margaret Smith. After a reading of the record, we find that his conclusion was eminently correct.
On appeal, Margaret Smith attempted to prove: That Mrs. Parkerson had not preempted the intersection; and, that her vehicle had the right-of-way since it was the vehicle approaching from the right. Neither of these arguments is supported by the record.
Miss Smith testified that she was unable to see down Octavia Street due to automobiles parked along the curb, yet she proceeded ahead without reducing her speed because “I assumed the other street would have a stop sign”. Miss Smith noted that South Robertson Street did not have a stop sign and regarding her noticing whether Octavia Street was so controlled, she testified: “No, I didn’t look for one, I was looking for another car.” Thus, Miss Smith approached an unfamiliar intersection, could not ascertain the presence of traffic on the crossing street because her vision was obscured by parked automobiles, assumed that the intersecting street had a stop sign without looking for one, and proceeded into the intersection without reducing her speed.
Miss Smith’s trial testimony also contradicts her pleadings regarding Mrs. Parker-son’s failure to preempt the intersection. When asked about when she first noticed the Parkerson vehicle, Miss Smith stated that her passenger shouted a warning. At that time she applied her brakes, leaving 24 feet of skid marks prior to impact. She did not attempt to swing her car to the left in an attempt to veer around Mrs. Parkerson’s vehicle because “I thought I would avoid hitting her because she was almost through the intersection by the time when I arrived, before the impact”.
Thus, the record indicates that Mrs. Parkerson had almost traversed the intersection when Miss Smith negligently entered the intersection and struck her, causing the damages sued upon.
For the foregoing reasons, the judgment of the trial court against Margaret F. Smith and United States Casualty Company, in favor of St. Paul Fire and Marine Insurance Company in the amount of $494.74, with legal interest from October 13, 1967, until paid and all costs of the proceedings, is affirmed. Also affirmed is the judgment against Margaret F. Smith and United States Casualty Company in favor of Cravens, Dargan and Company and Gulf Coast Investment Corporation in the amount of $407.25, plus legal interest from October 13, 1967, plus all costs of the proceedings. All other judgments are affirmed as adjudged.
Affirmed.